IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CAROLYN YVETTE STEWART | § | |
| | § | |
| VS. | § | |
| | § | |
| MONA PURGASON, Executive Director | § | |
| Of the Galveston Housing Authority sued | § | |
| Only in her official capacity, | § | CIVIL ACTION NO. 3:21-cv-00101 |
| WILLIAM (BILL) ANSELL, BETTY | § | |
| MASSEY, RAYMOND TURNER, GREG | § | |
| GARRISON, ANGELA BROWN, | § | |
| Commissioner of the Galveston Housing | § | |
| Authority, sued in her official capacities | § | |
| only, THE GALVESTON HOUSING | § | |
| AUTHORITY | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE BROWN:

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), Defendants Mona Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston Housing Authority ("GHA") file this notice of Removal in the above-titled cause and would show in support the following:

**I.   STATE COURT ACTION**

1.   This fair housing and familial status discrimination case arises under the Fair Housing Act, 42 U.S.C. §§ 3601-3631 ("FHA").

2. Plaintiff filed her state court action styled *Plaintiff Carolyn Yvette Stewart v. Mona Purgason, Executive Director of the Galveston Housing Authority sued only in her official capacity, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, Commissioner of the Galveston Housing Authority, sued in her official capacities only, The Galveston Housing Authority* in the 56th Judicial District Court of Galveston County, Texas, Cause No. 21-CV-0359.

3. Upon information and belief, Plaintiff has not made a jury demand.

## II. TIMELINESS OF REMOVAL

4. This Notice of Removal is timely filed within 30 days of service of Plaintiff's Original Petition, which was served on April 12, 2021 for Defendant Mona Purgason and served on April 20, 2021 for Defendants William (Bill) Ansell, Betty Massey, Angela Brown, Greg Garrison, Raymond Turner, and Galveston Housing Authority. 28 U.S.C. § 1446(b)(1).

5. This Notice of Removal is filed subject to and without waiver of any of Defendants Mona Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston Housing Authority's defenses or objections to Plaintiff's Original Petition in the state court action as allowed by the Federal Rules of Civil Procedure or by any other applicable law.

## III. GROUNDS FOR REMOVAL

6. This removal is based upon federal question jurisdiction as provided by 28 U.S.C. §§ 1331 and 1441. Plaintiff is asserting federal claims against Defendants G Mona

Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston Housing Authority. GHA was established April 18, 1940 and administers and manages the Housing Choice Voucher Program (HCV or HCVP), Veterans Affairs Supportive Housing, Disaster Vouchers, and other Section 8 special programs in the geographic area covering the city limits of Galveston, Texas. *See* Tex. Atty. Gen. Op. DM-434 (1997) (citing Tex. Loc. Gov't Code Ann. § 392.052(f) for reasons Texas housing authorities exist). In this regard, Plaintiff and Defendants agree: "GHA is the local administrator of the HCV Program through which Stewart received her Voucher." **EXHIBIT D**—Plaintiff's Orig. Pet. ¶ 19.

7.  The legal standard for Removal under 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), cert. denied, 493 U.S. 1074 (1990) (citations omitted). Plaintiff has alleged in her Petition familial status discrimination under the Texas Fair Housing Act. **EXHIBIT D**—Plaintiff's Orig. Pet. ¶ 54-55. "Both [the state and federal] acts prohibit discrimination in the provision of housing. The federal act makes it unlawful to '"unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.' The Texas Fair Housing Act prohibits the *same acts with the same language*. *Artisan/American Corp. v. City of Alvin*, No. 4:07-cv-2899, 2008 U.S. Dist. LEXIS 111812 (S.D.

Tex. 2008) (citing 42 U.S.C. § 3604(a); TEX. PROP. CODE. § 301.021) (internal citations omitted). Therefore, Plaintiff's Petition could have been filed in Federal court. District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Furthermore, Plaintiff's Petition contains numerous admissions that her causes of action does arise under the FHA. Specifically, Plaintiff alleges that she "is a disabled individual . . . [who] has been a recipient of housing assistance through the *Section 8 Housing Choice Voucher* ("Voucher") [sic] for over 10 years," "Stewart was renting a dwelling from a landlord who was willing to accept her *[Housing Choice] Voucher*," "*DEFENDANTS AND THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM[:] The Section 8 Housing Choice Voucher Program ('the HCV Program') is a federally subsidized housing program administered on the national level by the United States Department of Housing and Urban Development ('HUD')*" while "*GHA is the local administrator of the HCV Program through which Stewart received her Voucher*," "*GHA's Administrative Plan incorporates, and is subject to, the federal rules and procedures for the HCV program*," "*Under GHA's official policies (which incorporate the federal requirements)*" promulgated by HUD in accordance with the FHA, and the individual Defendants are responsible for ensuring compliance with "*federal law.*" (emphasis added). **EXHIBIT D**—Plaintiff's Orig. Pet. ¶¶ 15-22 (emphasis added).

9. Plaintiff's Petition also references GHA's Administrative Plan which, itself, contains (literally) hundreds of references to the Federal statutes, regulations, and

guidance's that apply to the HCV Program. As just one example, Plaintiff asserts that: "GHA's official policy, as set out in its Administrative Plan, states that 'GHA affirmatively furthers Fair Housing in the administration of the program by complying fully with *all federal*, state, and local nondiscrimination laws and administers programs in accordance with the rules and regulations governing Fair Housing ...'"[1] (emphasis added). **EXHIBIT D**—Plaintiff's Orig. Pet. ¶ 40(emphasis added)

10.   Plaintiff's Petition, "GHA's official policy, as set out in its Administrative Plan, states that 'Administration of GHA's HCVP and any special programs, and the functions and responsibilities of GHA's Executive Director and staff: shall be in compliance with GHA's policies and procedures, the *Department of Housing and Urban Development's (HUD) regulations*, and all applicable *Federal*, State and local fair-housing laws.'" **EXHIBIT D**—Plaintiff's Orig. Pet. ¶ 39 (emphasis added)

11.   Indeed, the First Section of GHA Administrative Plan provides notice to the Plaintiff that GHA "shall be in compliance with GHA's policies and procedures, the Department of Housing and Urban Development's (HUD) regulations, and all applicable Federal, State and local fair-housing laws." **EXHIBIT A**—GHA Administrative Plan.

12.   The "Section 8 Housing Choice Voucher" program terms and conditions referenced throughout the Petition and GHA Administrative Plan are contained in 24

---

[1]   To preserve space, only Chapters 1 and 4, and the Table of Contents, of the GHA Administrative Plan Revised February 29, 2016 to September 2019 are attached as Exhibit A.

CFR §§ 982.1-.643, which HUD promulgated under Section 8 of the United States Housing Act of 1937, 42 U.S.C § 1437f.

13.     Therefore, the acts or omissions alleged against GHA and the individuals directly relate to Plaintiff's receipt or termination of benefits under the FHA, and a supposed failure to accommodate under the FHA and federal claims relating to violations of federal civil and constitutional rights of substantive and procedural due process. Plaintiff repeatedly cites to and identifies these federal claims throughout her 20+ page state court Petition as the foundation for her lawsuit. Plaintiff filed this lawsuit seeking to be reinstated in the housing program to receive a Federal housing funding voucher. **EXHIBIT D—**Plaintiff's Orig. Pet. ¶ 61. These claims against Defendants invoke federal question jurisdiction, are ripe for adjudication, predominate over Plaintiff's state law claims, and provide this court subject matter jurisdiction. As a result, this matter should be removed to federal court.

## IV.    VENUE FOR REMOVED ACTION

14.     Removal is proper to the United States District Court for the Southern District of Texas, Galveston Division because this Court presides over the district and division where Plaintiff's state court action was filed (i.e., in Galveston County, Texas). 28 U.S.C. §§ 1441(a), 1446(a).

## V.    DOCUMENTS REQUIRED FOR REMOVAL

15.     Pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and Local Rule 81, attached to this Notice of Removal are the following Exhibits:

| | |
|---|---|
| **EXHIBIT A** | Galveston Housing Authority—Administrative Plan |
| **EXHIBIT B** | An Index of the matters being filed |
| **EXHIBIT C** | The Docket Sheet in the State Court Action[2] |
| **EXHIBIT D** | All pleadings as filed in the State Court Action |
| **EXHIBIT E** | All executed process papers in the State Court Action |
| **EXHIBIT F** | List of known counsel of record, including addresses, telephone numbers, and parties represented |

16. Immediately after the filing of this Notice and pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the 56th Judicial District Court of Galveston County, Texas and served on all known counsel of record.

17. The filing fee for this Removal has been paid. The filing of this Notice, along with the filing of the Notice in the state court and service of the Notice upon counsel of record, serves to confer jurisdiction of this cause of action upon this Court and divests the state court of its jurisdiction over these proceedings and claims unless and until the case is remanded. 28 U.S.C. § 1446(d).

## VI.   REQUEST FOR RELIEF

18. **FOR THESE REASONS**, Defendants Mona Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston

---

[2] At the time of filing of this Notice of Removal, no Orders have been entered in the State Court cause of action. Additionally, no counterclaims, cross-actions, third-party actions, or interventions have been filed in the State Court cause of action.

Housing Authority respectfully request this Court enter such Order as necessary such that this cause of action is removed to this Honorable Court and that upon final trial, judgment be rendered such that Plaintiff take nothing in her suit against Defendants Mona Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston Housing Authority. Defendants also pray for such other and further relief in law and in equity to which they may be justly entitled.

Respectfully submitted,

**MILLS SHIRLEY L.L.P.**
2228 Mechanic St., Suite 400
Galveston, TX 77550
Phone/Fax: 409.761.4001

By: _____
ROBERT E. BOOTH
Texas Bar No. 24040546
SDTX No. 36858
rbooth@millsshirley.com
MEGAN S. JONES
Texas Bar No. 24070024
SDTX No. 3120278
mjones@millsshirley.com

**ATTORNEYS FOR DEFENDANTS GALVESTON HOUSING AUTHORITY AND MONA PURGASON IN HER OFFICIAL CAPACITY AS THE EXECUTIVE DIRECTOR, WILLIAM (BILL) ANSWELL, BETTY MASSEY, RAYMOND TURNER, GREG GARRISON,**

**ANGELA BROWN N THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF COMMISSIONERS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, a true and correct copy of the foregoing has been forwarded to all known counsel of record for parties who have appeared via CM/ECF.

Plaintiff, Carolyn Yvette Stewart, through her attorney of record:

    Melinda R. Lopez (mlopez@lonestarlegal.org)
    **LONE STAR LEGAL AID**
    P.O. Box 398
    Houston, Texas 77010-0398

Defendants, Mona Purgason, William (Bill) Ansell, Betty Massey, Raymond Turner, Greg Garrison, Angela Brown, and the Galveston Housing Authority, through their attorneys of record:

    Robert E. Booth (rbooth@millsshirley.com)
    Megan S. Jones (mjones@millsshirley.com)
    **MILLS SHIRLEY L.L.P.**
    2228 Mechanic St., Ste 400
    Galveston, TX 77550

By: _____
      ROBERT E. BOOTH
Texas Bar No. 24040546
SDTX No. 36858