**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| CAROLYN YVETTE STEWART, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:21-cv-00101 |
| § | |
| MONA PURGASON, ET AL., § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Pending before me is Plaintiff's Motion to Remand. Dkt. 6. Having reviewed the briefing, the record, and the applicable law, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Carolyn Stewart ("Stewart") is a disabled individual under the age of 65 who received housing assistance through the Section 8 Housing Choice Voucher Program (the "HCV Program"). The HCV Program is a federally subsidized housing program administered on the national level by the United States Department of Housing and Urban Development ("HUD").

The Galveston Housing Authority ("GHA") is the local administrator of the HCV Program. According to Plaintiff's Original Petition, GHA's official policies for the administration of housing vouchers under the HCV Program are set out in GHA's Administrative Plan. "GHA's Administrative Plan incorporates, and is subject to, the federal rules and procedures for the HCV [P]rogram. Under GHA's official policies (which incorporate the federal requirements), GHA issues a housing voucher to eligible program participants who, in turn, use those vouchers to locate dwellings offered by willing landlords." Dkt. 1-4 at 5.

In February 2019, GHA informed Stewart that it intended to terminate her housing assistance for failing to timely provide certain documentation. For more than two years, Stewart challenged the termination in various administrative

proceedings. In January 2021, GHA's Board of Commissioners and executive director upheld the termination.

Stewart then filed this lawsuit in the 56th Judicial District Court of Galveston County, Texas, against GHA, its executive director, and the five members comprising GHA's Board of Commissioners. Her lawsuit seeks declaratory and injunctive relief, alleging claims solely under the Texas Fair Housing Act and the Texas Constitution. No federal causes of action appear on the face of the lawsuit.

Defendants timely removed the case to federal court, asserting that Stewart's claims arise under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. In her Motion to Remand, Stewart contends that remand is appropriate because her right to relief does not hinge on the resolution of a substantial question of federal law.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000. *See id.* § 1332.

A federal district court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If a removed case is not within the district court's subject-matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Because all parties in this case are citizens of Texas, the only conceivable basis for jurisdiction is federal-question jurisdiction. As a general rule, "a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Although a plaintiff is ordinarily a master of his complaint, there are limits to a plaintiff's ability to evade removal jurisdiction through artful pleading. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Simply stated, district courts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981) (quotation omitted). Accordingly, I must "determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." *Id.* (quotation omitted). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues").

To assist me in determining whether a plaintiff's claims raise a significant federal issue that creates federal-question jurisdiction, the Fifth Circuit has created a four-part test. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Federal-question jurisdiction may exist where "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* "These conditions are difficult to meet." *Mitchell v. Advanced HCS, L.L.C.*, --- F.4th ---, 2022 WL 714888, at *4 (5th Cir. 2022). *See also Bd. of Comm'rs v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017) ("Only in a special and small category of cases will federal jurisdiction exist when state law creates the cause of action." (quotation omitted)).

The first *Singh* factor requires a showing that a federal issue is necessary to resolution of the state-law claim. To satisfy this element, Defendants must

3

demonstrate that Stewart's "right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983). *See also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). Importantly, "[i]f a plaintiff can allege at least one theory in support of the state law claim that does not require any interpretation of federal law, then no federal question exists." *Ryan, LLC v. Ernst & Young, LLP*, No. 4:20-CV-3134, 2021 WL 4149134, at *5 (S.D. Tex. June 17, 2021). *See also Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 526 (S.D. Tex. 2012) ("When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a necessary element of the claim." (quotation omitted)).

Defendants contend that "Stewart's petition rests on the interpretation of federal law and her requested relief can only be granted by interpreting federal law." Dkt. 11 at 2. More specifically, Defendants assert that federal law is an essential element of Stewart's claims because the GHA Administrative Plan incorporates HUD regulations. While it is certainly true that the GHA Administrative Plan incorporates HUD regulations, Stewart's state-law causes of action do not require the resolution of any federal issues. As Stewart observes, she "is not questioning whether or not GHA's Administrative Plan complies with federal law or regulation," but rather claiming that Defendants' failure to follow the GHA Administrative Plan "resulted in three major violations of Texas law." Dkt. 12 at 3–4. Stewart argues that, even though the GHA Administrative Plan expressly states that GHA will comply with state law, Defendants: (1) committed familial discrimination in violation of the Texas Fair Housing Act; (2) denied her due process in violation of the Texas Constitution by terminating her housing benefit for a reason not identified in her notice of termination; and (3) failed to

4

afford her the minimal procedures for termination proceedings, thus violating both her procedural and substantive due process rights under the Texas Constitution. *See id.* at 5–6. These theories of recovery do not require any interpretation of federal law. Accordingly, no federal issue is necessarily raised in this case.[1] Because Defendants failed to satisfy the first prong of the *Singh* test—"that is, failed to show that [Stewart's] state-law claim *necessarily* raises a stated federal issue"—there is no need for me to address the remaining prongs. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 544 (5th Cir. 2012). This case must be remanded to state court.

## CONCLUSION

For the reasons identified above, Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED**. This case is remanded to the 56th Judicial District Court of Galveston County, Texas.

SIGNED this 31st day of March 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants note that Stewarts live pleading "continuously references" federal rules and procedures for the HCV Program. That is of no significance because "[r]eferences to federal law or to the United States Constitution in a plaintiff's complaint do not, on their own, create federal-question jurisdiction." *Pidgeon v. Parker*, 46 F. Supp. 3d 692, 699 (S.D. Tex. 2014).